PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. v. JACQUELINE CHRISTINE WAYNE          Docket Number: 08-cr-00385-MSK-01

**Petition for Issuance of Summons Due to Violation of Supervised Release**

       COMES NOW, Shelley Seacotte, probation officer of the court, presenting an official report upon the conduct and attitude of Jacqueline Christine WAYNE, who was placed on supervision by the Honorable Fernando J. Gaitan, Jr., sitting in the court at Kansas City, Missouri, on the 12th day of May, 2005, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall pay any restitution balance during the first 30 months of supervision on the schedule set by the Court.

2. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office.

3. The defendant shall provide the Probation Officer access to any requested financial information.

4. The defendant shall participate in a mental health evaluation as directed by the Probation Office for the purpose of determining if mental health counseling is needed while under supervision.

**On September 9, 2008, jurisdiction was transferred from the Western District of Missouri to the District of Colorado, and assigned to Your Honor under Case No. 08-cr-00385-MSK-01.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL order the issuance of a summons for the defendant to appear at a supervised release compliance review hearing.

       ORDER OF THE COURT

| | |
|---|---|
| Considered this __3rd_____ day of October, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Shelley Seacotte |
| | Shelley Seacotte<br>U.S. Probation Officer |
| */s/ Marcia S. Krieger* | |
| Marcia S. Krieger | Place: Denver, Colorado |
| U.S. District Judge | Date: October 1, 2008 |

# ATTACHMENT

On April 11, 2008, the conditions of supervised release were read and explained to the defendant. On that day she acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that she was provided a copy of them. The term of supervised release commenced on April 10, 2008.

On April 16, 2008, the defendant's three-year term of supervised release commenced in the District of Colorado.

On May 5, 2008, Senior United States Probation Officer Veronica Ramirez instructed the defendant to attend a mental health evaluation at Correctional Psychology Associates (CPA) in Denver, Colorado. The defendant reported to her evaluation as scheduled; however, WAYNE declined to sign a release of confidential information allowing the Probation Office to receive the evaluation. As such, services were declined by CPA. The information contained in the evaluation report would ultimately determine if WAYNE would be required to participate in mental health counseling.

Subsequent to WAYNE's appointment at CPA, the probation officer discussed her unwillingness to sign a release of information. WAYNE stated she complied with her mental health condition. Specifically, she completed a mental health evaluation while residing at Independence House, Residential Reentry Center (RRC). The probation officer informed WAYNE that her RRC placement and mental health evaluation were at the direction of the Bureau of Prisons (BOP), not the Probation Office. Furthermore, probation does not have access to any mental health records from BOP since WAYNE did not sign a release. The defendant acknowledged understanding the difference. WAYNE has maintained that she is willing to complete a mental health evaluation and/or treatment; however, she does not want the Probation Office to have access to any of her mental health records.

The defendant is in violation of her conditions of supervised release by failing to participate in mental health treatment as directed by her probation officer. The Probation Office can not effectively supervise the defendant's case and/or her compliance with mental health treatment if we do not have access to her mental health records. The Probation Office does not object to the defendant securing her own mental health professional; however, it is essential the probation officer be apprised of WAYNE's diagnosis, treatment plan, and compliance with treatment.